In the Matter of the Judicial Settlement of the Account of THOMAS
J. RITCH, Jr., as Administrator, etc., of NATHANIEL O. HAUX-
HURST, Deceased.

*Appeal by an administrator — when justifiable — reasonable disbursements made*
*therefor must be allowed.*

When the questions raised in an action are sufficiently doubtful to warrant the
hope that a judgment recovered against an estate may be reversed, and when
all the next of kin, other than the judgment creditor, urge an appeal from
such judgment, the administrator of the estate is justified in taking an appeal
therefrom, and upon his accounting should be allowed his reasonable disburse-
ments connected therewith.

APPEAL by the administrator, Thomas J. Ritch, Jr., from portions
of a decree of the Surrogate's Court of Queens county, made on the
31st day of October, 1893, and entered in the office of the clerk of
the Queens County Surrogate's Court, judicially settling his
accounts as administrator with the will annexed of the goods,
chattels and credits of Nathaniel O. Hauxhurst, deceased.

*Geo. C. Brainerd*, for the appellant.

*Benjamin W. Downing*, for the respondent.

PRATT, J.:

This matter seems to have been determined by the surrogate, not
upon the ground that the services for which the $200 were charged
were not performed, or that they were not worth that amount, but
upon the theory that no appeal ought to have been taken, and hence
that they were unnecessary.

It is plain, I think, that if the decision was based upon the point
the services were not worth the amount charged, it is not sustained
by the proofs, as there is no evidence going to show that they were
worth less than charged, neither is there any direct proof that they
were incurred in bad faith.

The surrogate, however, has found as a fact " that all said next of
kin (except the plaintiff who had recovered the judgment) then united
in a request and a statement that said administrator have the said.
judgment reviewed by other tribunals."

Here was a judgment that swept away the entire estate, and it is not to be supposed for an instant that a clamerous judgment creditor would favor an appeal that might upset his judgment.

The questions raised upon the appeal were sufficiently doubtful to warrant a hope that the judgment might be reversed. Considering this fact, and the further fact that all the next of kin urged an appeal, we think the administrator acted in good faith; that he had reasonable grounds upon which to appeal, and should be allowed his reasonable disbursements.

The order must be reversed, with costs.

CULLEN and DYKMAN, JJ., concurred.

Order reversed, with costs.